It makes no sense to say that an officer has a reasonable articulable suspicion that a crime is being committed if that officer did not have such a suspicion for each of the elements that make up such a crime. In the ordinance at issue, one of the necessary elements of the crime defined is that the hindrance of the movement of others is done without a, "* * * lawful or reasonable purpose of the offender."
In my view, when one sees a person parked in a private driveway in front of the door to a public place, the reasonable attribution of a motive to this person would be that he was waiting for someone to come out and get in the car — a wholly lawful and reasonable purpose.
Physicians are trained when diagnosing illness, "when you hear hoof beats, think horses, not zebras." In other words, the most likely reason for something is likely correct. Here the officer purports to have thought zebras and sought to justify his stop by such thinking. I would find that this was not a reasonable arguable suspicion of criminal activity and would have suppressed the stop.